# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:09CR00003-003 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **WILLIAM LLOYD MUSIC,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, by counsel, has filed a Second Amended Motion to Correct Sentence under 28 U.S.C. § 2255, contending that his sentence for violating 28 U.S.C. § 924(c) is now invalid because the statutory definition of "crime of violence" found in 28 U.S.C. § 924(c)(3)(B) is unconstitutional. By Order entered June 25, 2018, I granted the United States' request to hold the § 2255 motion in abeyance awaiting a decision of the court of appeals on this issue in a pending appeal. On January 24, 2019, the court of appeals held that the "crime of violence" definition contained in § 924(c)(3)(B) is unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 236 (4th Cir. 2019) (en banc). In light of that decision, the defendant filed a motion seeking to take the § 2255 motion out of abeyance. The United States objected and moved to keep the § 2255 motion in abeyance, pointing

out that the Fourth Circuit has stayed issuance of its mandate in *Simms*, and that the Supreme Court has granted certiorari in *United States v. Davis*,[1] a case from another circuit that involves the same issue. Oral argument in *Davis* is scheduled for April 17, 2019.

I agree with the defendant that this court is bound by the ruling in the *Simms* case unless and until there is contrary controlling authority. While there appears to be no Fourth Circuit authority on point, I find that the fact that the mandate in *Simms* has been stayed does not relive me of my duty to follow the appellate court's ruling. *See In re Zermeno-Comez,* 868 F.3d 1048, 1052–53 (9th Cir. 2017) (holding that "a stay of the mandate does not destroy the finality of an appellate court's judgment, and that a published decision is final for such purposes as stare decisis, and full faith and credit, unless it is withdrawn by the court" (internal quotation marks and citations omitted).) Accordingly, I will withdraw the abeyance of consideration of the pending § 2255 motion. There are other defenses to the § 2255 motion by the United States still to be resolved, so that I am not now prepared to rule, even in light of *Simms*.

The Emergency Motion to Take Petition Out of Abeyance and to Grant Immediate Release, ECF No. 130, is GRANTED in part in that the § 2255 motion

---

[1] *United States v. Davis,* 903 F.3d 483, 485–86 (5th Cir. 2018), *cert. granted,* 139 S. Ct. 782 (2019).

is taken out of abeyance. The United States' Motion to Keep Petition in Abeyance, ECF No. 133, is DENIED.

If counsel has any further memoranda on the issues in this matter, they must be filed within 14 days.

It is so **ORDERED**.

ENTER: April 5, 2019

/s/ James P. Jones
United States District Judge